[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14760
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 13, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00161-CV-WCO-2

DANNY CLINE,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 13, 2009)

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Danny Cline appeals the district court's order affirming the Social Security

Administration's denial of his application for disability insurance benefits and supplemental security income under 42 U.S.C. § 405(g), and his motion to remand for consideration of new evidence, as well the district court's separate order denying Cline's motion to alter the judgment.[1]  After an administrative law judge denied Cline's claims, his case was reviewed by the magistrate judge, who issued a thorough report and recommendation that recommended affirming the administrative law judge's denial of benefits to Cline.  The district court issued an order approving and adopting the magistrate judge's report and recommendation. We affirm on the basis of the report and recommendation, as adopted by the district court, to which we add only the following two points for clarification.

The first one concerns Cline's claim that the ALJ erred in discounting the opinion of Cline's treating doctor, Dr. Hal Silcox.  In a May 2003 letter Dr. Silcox opined that Cline's condition met the listing requirements for social security benefits based on back injuries.  The ALJ had "good cause" to discount Dr. Silcox's opinion because it was inconsistent with Dr. Silcox's own medical records.  See Phillips v. Barnhart, 357 F.3d 1232, 1240–41 (11th Cir. 2004).  One of the listing requirements relevant to Cline's disability claim is that the injured

---

[1] The district court did not abuse its discretion in denying Cline's motion for remand because the allegedly newly discovered evidence that supported the motion was not material. See Ingram v. Comm'r Soc. Sec. Admin., 496 F.3d 1253, 1267 (11th Cir. 2007).

person test positive on a "straight leg test," which is used to assess nerve compression in the person's back. Dr. Silcox's treatment notes do not indicate a positive straight leg test for Cline. Instead, every time that Dr. Silcox performed a straight leg test on Cline, the test was negative. Therefore, Dr. Silcox's opinion that Cline's injuries met listing requirements is inconsistent with those medical records, and the ALJ had good cause to discount that opinion.

Our second point is that the record does support the ALJ's determination that Cline's testimony was not entirely credible regarding the amount of pain that he was suffering. "The ALJ determines the disabling nature of pain. If substantial evidence supports the determination, this court will affirm." Wilson v. Heckler, 734 F.2d 513, 517 (11th Cir. 1984) (citations omitted). Cline's pain allegedly stems from a failed surgery that was intended to fuse two discs in his lower spine. A failed fusion is known as "pseudoarthrosis." Cline argues that the ALJ erred in failing to recognize his pseudoarthrosis as an "objectively determined medical condition" that "can reasonably be expected to give rise to [his] alleged pain." Johns v. Bowen, 821 F.2d 551, 556 (11th Cir. 1987). We disagree. It is true that Dr. Silcox diagnosed Cline with pseudoarthrosis after x-raying his back in January 2003. However, that diagnosis was not confirmed in later x-rays, including one taken by another doctor in 2005. Therefore, the evidence regarding whether Cline

3

has pseudoarthrosis is conflicting. In social security disability cases, we have noted that "choosing between conflicting evidence is a task particularly suited to the fact finder, and we will not disturb such a determination on appeal." <u>Landry v. Heckler</u>, 782 F.2d 1551, 1553 (11th Cir. 1986). Moreover, none of the doctors treating Cline after his fusion surgery indicated in their treatment notes that Cline was in the type of pain that he had described during his testimony before the ALJ. Substantial evidence supports the ALJ's determination that Cline's testimony regarding the severity of his pain was not wholly credible.

**AFFIRMED.**